UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Gary Reed and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Martha Henrickson as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed and John Bartz as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, and the Funds themselves,

     Plaintiffs,

vs.

Yaw Construction Group Incorporated,

     Defendant.

---

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1.    Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

1

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Yaw Construction Group Incorporated ("Yaw Construction Group") is a Minnesota business corporation with a registered address of 4640 Lyndale Avenue North, Minneapolis, Minnesota 55356. Yaw Construction Group is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Yaw Construction Group accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Highway, Railroad, and

Heavy Construction Division of the Associated General Contractors of Minnesota and Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of May 2, 2011 through April 30, 2014 ("Collective Bargaining Agreement").

8. Yaw Construction Group is, and continues to be, bound to the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement provides that Yaw Construction Group is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10. The Collective Bargaining Agreement requires Yaw Construction Group to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement requires Yaw Construction Group to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Pete's Water & Sewer's monthly payment to the Funds.

12. The Collective Bargaining Agreement states that Yaw Construction Group shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The Collective Bargaining Agreement requires Yaw Construction Group to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Yaw Construction Group is accurately reporting hours to the Funds.  If Yaw Construction Group fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Yaw Construction Group is liable for all of the hours worked by that individual for whom Yaw Construction Group is unable to produce satisfactory records verifying the type of work being performed by that individual.

14. The Collective Bargaining Agreement states that if Yaw Construction Group becomes delinquent, Yaw Construction Group shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

15. The Collective Bargaining Agreement states that if Yaw Construction Group becomes delinquent, Yaw Construction Group shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

16. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT REMITTANCE REPORTS

17. The Funds re-allege and incorporate by reference paragraphs 1-16 herein.

18.     Yaw Construction Group breached the terms of the Collective Bargaining Agreement by failing to timely submit the remittance report and contributions due and owing for the month of May 2014.

19.     Pursuant to the report untimely submitted by Yaw Construction Group for the month of May 2014, $19,810.10 is due and owing for unpaid contributions.

20.     Yaw Construction Group further breached the terms of the Collective Bargaining Agreement by failing to submit the remittance report and contributions due and owing for the month of June 2014.

21.     Upon information and belief, Yaw Construction Group employed individuals performing work covered by the Collective Bargaining Agreement during the month of June 2014 on whose behalf contributions are due and owing and continues to do so.

22.     Every month, until this matter is resolved either through dismissal or judgment, Yaw Construction Group will be obligated to remit fringe fund report forms as described above as required by the Collective Bargaining Agreement and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

23.     If Yaw Construction Group fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Yaw Construction Group's employees.

24. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

25. Yaw Construction Group should be enjoined from further refusal and failure to remit reports and contributions.

## COUNT II
## ERISA DAMAGES

26. The Funds re-allege and incorporate by reference paragraphs 1-25 herein.

27. Yaw Construction Group is liable to the Funds for liquidated damages in the amount of 10% of any contributions due and owing for the months of May 2014 and June 2014 and for any month that becomes due during the pendency of this litigation pursuant to the Collective Bargaining Agreement.

28. Liquidated damages for the month of May 2014 total $1,981.01.

29. The Funds are entitled to liquidated damages or double interest charges under ERISA § 502(g), 29 U.S.C. § 1132(g).

30. Yaw Construction Group is liable to the Funds for all attorneys' fees, service fees, filing fees, court reported fees, and other legal costs and disbursements incurred by the Funds in this action pursuant to the Collective Bargaining Agreement.

31. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

32. Yaw Construction Group is liable to the Funds for interest charges the unpaid contributions pursuant to the Collective Bargaining Agreement.

33. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Yaw Construction Group Incorporated as follows:

1. For judgment in the amount of $19,810.10 for unpaid contributions due and owing for the month of May 2014.

2. For an order requiring the Defendant to submit to Plaintiffs all remittance reports or calculations for contributions due and owing for the month of June 2014, accurately and completely identifying all hours worked by its employees.

3. For an order requiring the Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

4. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5. For an award of costs, disbursements and attorney fees according to law.

6. Such other and future relief as the Court deems just, equitable or proper.

Date: July 29, 2014                MCGRANN SHEA CARNIVAL
                                   STRAUGHN & LAMB, CHARTERED


                                   By:   s/ Amy L. Court
                                         Carl S. Wosmek #300731
                                         Amy L. Court #319004
                                         800 Nicollet Mall, Suite 2600
                                         Minneapolis, MN 55402
                                         Telephone: (612) 338-2525

                                   *Attorney for Plaintiffs*